831 F.2d 297
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Edward TAYLOR, Petitioner-Appellant,
v.
Donald CAMPBELL, Warden, et al., Respondents-Appellees.
 No. 87-5678.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1987.
 
 Before LIVELY, Chief Judge, MILBURN, Circuit Judge, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 The petitioner appeals the judgment denying his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. He now applies to this Court for a certificate of probable cause.
 
 
 2
 The petitioner was indicted by the Madison County (Tennessee) Grand Jury for the offenses of attempting to commit a felony of first degree burglary (two counts), first degree burglary, and being a habitual offender. He was tried by a jury in the Circuit Court of Madison County, Judge James D. Todd presiding. The jury convicted the petitioner on all counts and he was sentenced to life imprisonment. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions, the Tennessee Supreme Court denied leave to appeal thereto, and the United States Supreme Court denied a writ of certiorari.
 
 
 3
 The petitioner then filed this habeas action in the District Court for the Western District of Tennessee, raising a total of seven claims:
 
 
 4
 (1) The charges should have been severed for trial;
 
 
 5
 (2) There was insufficient evidence to support the guilty verdicts;
 
 
 6
 (3) The jury should have been instructed on lesser included offenses;
 
 
 7
 (4) The jury should have been instructed that the petitioner faced life imprisonment as a habitual offender if convicted of the burglary charge;
 
 
 8
 (5) Evidence seized from the petitioner at the time of his arrest should have been suppressed;
 
 
 9
 (6) A statement made by the petitioner to police should have been suppressed; and
 
 
 10
 (7) The jury considered facts not introduced into evidence.
 
 
 11
 The action was assigned to District Judge James D. Todd who entered a thorough 13-page opinion finding the above claims without merit. Relief was denied and this appeal followed.
 
 
 12
 This Court is struck immediately by the fact that this habeas action was handled and disposed of by the same judge who, in a previous judicial capacity, presided over the state court proceedings resulting in the conviction now under attack. In Rice v. McKenzie, 581 F.2d 1114 (4th Cir.1978), the Fourth Circuit Court of Appeals held that a district judge who formerly sat as the Chief Judge of the West Virginia Supreme Court was disqualified under 28 U.S.C. Sec. 455(a) from presiding in a federal habeas action arising from a West Virginia conviction, review of which was denied by the West Virginia Supreme Court during the judge's tenure thereon. In so doing, the court concluded that a reasonable person would have a reasonable basis for questioning the judge's impartiality in the habeas action--the basis for disqualification under Sec. 455(a). The reasoning of the court in Rice is even more persuasive in this case. The seven claims raised by the petitioner all pertain to alleged erroneous rulings in the petitioner's state trial rulings in which Judge Todd directly participated.
 
 
 13
 Based upon the record before us, we conclude that Judge Todd's impartiality reasonably would be questioned in this case and that Judge Todd was required to disqualify himself from any participation therein.
 
 
 14
 It therefore is ORDERED that the petitioner's application for a certificate of probable cause is granted.
 
 
 15
 It further is ORDERED that the district court's judgment of May 6, 1987, is vacated and this action is remanded to the district court for reassignment to another judge for review and disposition. Rule 9(b)(6), Rules of the Sixth Circuit.